UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)

MELANIE FELDMAN

    Plaintiff,

v.

NEW ACADEMY HOLDING
COMPANY, LLC,
d/b/a Academy Sports + Outdoors,

    Defendant.
_____/

CASE NO.: _____

Volusia Co. Circuit Court Case No:
2022 30078 CICI, Div. 31

## ACADEMY'S NOTICE OF REMOVAL

Defendant, New Academy Holding Company, LLC, Delaware limited liability company ("Academy Holding"),[1] hereby removes this action from the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida to this, the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Federal Rule of Civil Procedure 81(c), and on the following grounds:

    1.    On January 21, 2022, Plaintiff Melanie Feldman ("Feldman") filed a Complaint against Academy Holding in the Circuit Court of the Seventh Judicial

---

[1] New Academy Holding Company, LLC is an incorrect party. The real party, to the extent Academy has any liability for Plaintiff's claims, which it emphatically denies, is Academy, Ltd., a foreign limited partnership d/b/a Academy Sports + Outdoors.

Circuit in and for Volusia County, Florida, captioned *Melanie Feldman v. New Academy Holding, Company, LLC d/b/a Academy Sports + Outdoors*, Case Number 2022 30078 CICI (hereinafter, "Complaint"). *See* **Composite Exhibit A**.

2. On February 11, 2022, Feldman improperly served the Summons and Complaint on Academy Holding through a paralegal. *See* **Composite Exhibit A** at p. 28; *see also,* F.S. § 48.062 (prescribing service of process on a limited liability company).

3. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332 (a) provides that the District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Here, this Court has jurisdiction over this action because there is diversity of citizenship between Feldman, a citizen of Florida, and Academy Holding, a citizen of Texas and Delaware, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

I.  **There is Complete Diversity Between the Parties**

5. As alleged in the Complaint, Feldman is a resident of Florida. *See* **Composite Exhibit A, p. 5** (Complaint at ¶ 2). Upon information and belief,

Feldman is also a citizen of Florida.

6. Academy Holding is a citizen of both Delaware and Texas. In that regard, Academy Holding is a limited liability company, which is "a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Because Academy Holding is a limited liability company, its principal place of business is not relevant to determining whether diversity jurisdiction exists. *See SE Prop. Holdings, LLC v. Phillips*, No. 3:15CV554/MCR/EMT, 2016 WL 11529612, at *2 (N.D. Fla. May 3, 2016); *Bartram, LLC v. C.B. Contractors, LLC*, No. 1:09-CV254-SPM/AK, 2010 WL 3199738, at *2 (N.D. Fla. Aug. 10, 2010) (stating "the nerve center does not determine the citizenship of an LLC").

7. The sole member of Academy Holding is Academy Sports and Outdoors, Inc. *See* **Composite Exhibit B**.[2] Accordingly, to determine the citizenship of Academy Holding, the citizenship of Academy Sports and Outdoors, Inc. must be determined. In that regard, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c)(1). The "nerve center" test is used to determine a corporation's principal place

---

[2] Academy Holding requests that the Court take Judicial Notice of the state of incorporation and the principal place of business identified in Exhibits B, C, D, and E pursuant to Fed. R. Evid. 201.

of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). A corporation's principal place of business is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id.* at 93. The "nerve center" is usually a single place that the public considers to be the corporation's main place of business. *Id.*

8. Academy Sports and Outdoors, Inc. is a corporation incorporated under the laws of the State of Delaware. *See* **Exhibit C**. Academy Sports and Outdoors, Inc.'s principal place of business, the location where the corporation's officers direct, control, and coordinate the corporation's activities, is in Katy, Texas. *See* **Exhibit C**. Accordingly, Academy Holding, by way of the citizenship of its sole member Academy Sports and Outdoors, Inc., is a citizen of Delaware and Texas. *See* 28 U.S.C.A. § 1332 (c)(1); *Hertz Corp.*, 559 U.S. 77, 92 (2010).

9. Because there is complete diversity of citizenship between Feldman and Academy Holding, removal to the U.S. District Court for the Middle District of Florida is proper.

10. Also, as discussed in footnote 1 above, the real party in interest is not Academy Holding, but is Academy, Ltd., a limited partnership d/b/a Academy Sports + Outdoors ("Academy, Ltd."). In anticipation of the diversity of Academy, Ltd. ultimately becoming relevant, Academy Ltd. is also diverse to Feldman. "[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004). The only partners in Academy, Ltd. are Associated Investors, L.L.C., a Texas limited liability company, and Academy Managing Co., L.L.C., a Texas limited liability company. *See* **Composite Exhibit D;** *see also* **Composite Exhibit E**.

11. As discussed above, the citizenship of an LLC is determined by where any of its members are citizens, so it is necessary to determine the citizenship of any members of Associated Investors, L.L.C. and Academy Managing Co., L.L.C. for purposes of determining the citizenship of Academy, Ltd. The sole member of both Associated Investors, L.L.C. and Academy Managing Co., L.L.C. is Academy Holding. *See* **Composite Exhibit E**. As discussed above, Academy Holding, is a citizen of Delaware and Texas. Accordingly, Associated Investors, L.L.C. and Academy Managing Co., L.L.C. are citizens of Delaware and Texas, and as a corollary, so is Academy, Ltd. In short, assuming Academy Ltd. is ultimately joined in the suit, diversity will remain, and jurisdiction will not be disturbed.

## II.     The Amount in Controversy Exceeds the Jurisdictional Minimum

12.     Feldman's Complaint asserts a single cause of action for negligence alleging damages for "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and or aggravation of a pre-existing condition." *See* **Composite Exhibit A, p. 7** (Complaint, ¶ 10). Feldman asserts that these are permanent or continuing and that she will suffer such losses in the future.

13.     Feldman's Complaint does not, however, allege the specific value of the monetary damages she seeks to recover; the Complaint alleges only that this is an action for damages in excess of thirty thousand and one dollar ($30,001.00). *See* **Composite Exhibit A, p. 5** (Complaint at ¶ 1).

14.     Where, as here, Feldman's pleading fails to allege that the amount in controversy is less than $75,000, a defendant's notice of removal "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, No. 215CV477FTM99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). In addition, the Court may rely on its

judicial experience and common sense in determining that a cause of action is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court. A removing defendant's jurisdictional allegations can also be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). It is well-settled that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.* Here, although Academy Holding denies that Feldman is entitled to any monetary relief, Feldman's allegations, if true and cognizable under Florida law, which Academy Holding denies, would likely result in an amount in controversy that exceeds the Court's jurisdictional minimum.

15. First, Feldman has asserted claims for loss of earnings and the ability to earn money. *See* **Composite Exhibit A, p. 7** (Complaint at ¶ 10). Although Feldman has not alleged her rate of pay, and Academy Holding has no knowledge of her actual rate of pay, Feldman would have earned at least the minimum wage. If the Court starts at the date of injury and assumes it will take 18 months from now for this case to get to trial, and Feldman worked forty hours per week, then Feldman's potential loss of wages claim using the minimum wage can be calculated as approximately $56,123.00 as demonstrated below, which would not include any future loss of ability to earn money.

| Number of Weeks | Weekly Wage | Total Wages |
|---|---|---|
| Oct. 25, 2020 – Dec. 30, 2020 (appx. 9 weeks) | $8.56 /hr. * 40 hours = $342.40 | 9*$342.40 = $3,081.60 |
| Jan. 1, 2021 – Sept. 30, 2021 (appx. 36 weeks) | $8.65 /hr. * 40 hours = $345.60 | 36*$345.60 = $12,441 |
| Sept. 30, 2021 – Sept. 30, 2022 (appx. 52 weeks) | $10.00/hr. * 40 hours = $400.00 | 52*$400.00 = $20,800 |
| Sept. 30, 2022 – Sept. 4, 2023 (appx. 45 weeks) | $11.00/hr. * 40 hours = $440 | 45*$440.00 = $19,800 |

16. In addition, Feldman seeks expense of hospitalization, medical and nursing care treatment, which if true and cognizable, would easily exceed the $18,876.80 difference between the potential loss of claims amount and the minimum threshold for diversity jurisdiction. And, this does not include, to the extent true and cognizable, any pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, or future loss of ability to earn money.

17. As the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, the amount in controversy requirement for diversity jurisdiction is satisfied.

### III. Academy Holding has Otherwise Satisfied the Requirements for Removal

18. Academy Holding has attached as **Exhibit F** the Civil Cover Sheet for the purpose of initiating the civil docket sheet.

19. In accordance with 28 U.S.C. §1446(a), Academy Holding has attached as **Composite Exhibit A** true and legible copies of all process and pleadings on file with the Circuit Court for Volusia County, Florida.

20. Venue of this removed action is proper under 28 U.S.C. § 1441(a), because this Court is the United States District Court for the district that includes Volusia County, where the state court action was pending.

21. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of Academy Holding's receipt of service of the state court Summons and Complaint; though service was not property effected, and Academy Holding does not waive, and expressly reserves, the right to challenge proper service of process.

22. Pursuant to 28 U.S.C. §1446(d), Academy Holding has provided written notice to Feldman and has filed a copy of this Notice of Removal with the Clerk of the Circuit Court for Volusia County, Florida.

WHEREFORE, Defendant, New Academy Holding Company, LLC, by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Seventh Judicial Circuit in and for

Volusia County, Florida, Case No. 2022 30078 CICI, Division 31, to the United States District Court for the Middle District of Florida.

| | |
|---|---|
| DATED:   March 7, 2022 | *s/ Ginger Barry Boyd*<br>GINGER BARRY BOYD, ESQ.<br>Florida Bar # 294550<br>JOHN LOAR, ESQ.<br>Florida Bar # 110386<br>NELSON MULLINS RILEY &<br>SCARBOROUGH, LLP<br>215 South Monroe Street, Suite 400<br>Tallahassee, Florida 32301<br>Phone: (850) 681-6810<br>Fax: (850) 521-1472<br>ginger.boyd@nelsonmullins.com<br>amanda.tease@nelsonmullins.com<br>John.Loar@nelsonmullins.com<br>MerrieJo.Norman@nelsonmullins.com<br>*Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2022, a true and correct copy of the foregoing has been electronically filed using the CM/ECF Filing System and has been served on all counsel of record including:

Amanda E. Wright
Rue & Ziffra
632 Dunlawton Ave.
Port Orange, FL 32127
awright@rueziffra.com
lisas@rueziffra.com
*Counsel for Plaintiff*

                                                          *s/Ginger Barry Boyd*
                                                          Attorney